IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDERICK DWIGHT JONES, ) | |
| AIS #157783, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:21-CV-618-WHA |
| ) | |
| TERRY ANTHONY, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Frederick Dwight Jones, an inmate currently incarcerated at the Morgan Count Jail due to his violation of parole, against Terry Anthony, an assistant field director for the Alabama Board of Pardons and Paroles, Johnny Hardwick, a state court circuit judge, the Alabama Board of Pardons and Paroles, and Rolonda Calloway, a warden with the Alabama Department of Corrections. In this complaint, Plaintiff challenges the constitutionality of his confinement as violative of his constitutional rights.  Doc. 1 at 4.  Plaintiff seeks monetary damages from the defendants.  Doc. 1 at 5.

Upon thorough review of the complaint, the undersigned finds that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

## II. DISCUSSION

### A. The Alabama Board of Pardons and Paroles

Initially, insofar as Plaintiff seeks relief from the Alabama Board of Pardons and Paroles, the court finds that this board is an extension of the State, and, as such, is absolutely immune from suit. As the Eleventh Circuit has held,

> the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or boards]. There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. A State's consent to suit [via waiver of immunity] must be unequivocally expressed in the text of [a] relevant statute. Waiver may not be implied. Likewise, Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015) (internal quotation marks

---

[1] This court granted Plaintiff leave to proceed *in forma pauperis* in this case. Doc. 3. The undersigned is therefore obligated to screen the complaint for possible summary dismissal. Specifically, the screening procedure requires the court to "dismiss the case at any time if the court determines that— . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii); *see also* 28 U.S.C. §§ 1915A(b)(1)-(2) ("On review [of a prisoner's complaint], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."). Under both of these code sections, a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (holding that district court properly dismissed claim as frivolous where it was "without arguable merit either in law or fact."). Furthermore, a claim is frivolous as a matter of law where, for instance, the defendants are immune from suit. *Neitzke,* 490 U.S. at 327.

and citations omitted); *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State consents to suit or Congress has abrogated the State's immunity, which has not occurred, Plaintiff cannot proceed against it as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt . . . that suit against the State and its Board of Corrections [or any other state board] is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit."). "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990)). Thus, Plaintiff's claims for relief against the Alabama Board of Pardons and Paroles are due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

### B. Judge Johnny Hardwick

Plaintiff challenges the decision issued by Judge Hardwick denying him relief in a habeas action filed with the Circuit Court of Montgomery County, Alabama. Doc. 1 at 7. The claims Plaintiff presents against Judge Hardwick arising from actions taken while Hardwick presided over proceedings related to a state habeas action entitle Plaintiff to no relief in this 42 U.S.C. § 1983 action as "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted). "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete

absence of all jurisdiction." *Allen v. Fla.*, F. App'x 841, 843 (11th Cir. 2012). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotations and citation omitted); *Mireles*, 502 U.S. at 11 (holding that "[j]udicial immunity is not overcome by allegations of bad faith or malice[.]"); *Allen*, 458 F. App'x at 843 (same). "[T]he relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 12 (internal quotations and citation omitted). "This immunity applies to proceedings under 42 U.S.C. § 1983." *Wahl v. McIver*, 773 F.2d 1169, 1172 (5th Cir. 1981).

Plaintiff's allegations against Judge Hardwick do not support the implicit assertion that the purported wrongful conduct of the judge was non-judicial or without authority. Instead, the allegations indicate all of Judge Hardwick's actions were taken as part of the normal conduct of the Circuit Court of Montgomery County and occurred in relation to a case pending before such court. Thus, all of the allegations made by Plaintiff against Judge Hardwick emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction. Judge Hardwick is therefore absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that because the judge's "actions were taken within his judicial capacity and he did not act in the absence of all jurisdiction [in altering minutes of a sentencing hearing

after completion of such hearing], he was entitled to absolute judicial immunity."); *Stump*, 435 U.S. at 356 (holding that where judge was not acting in the "clear absence of all jurisdiction" he is entitled to immunity even if Plaintiff alleges the action taken was erroneous, malicious or without authority). Consequently, Plaintiff's claims against Judge Hardwick are "based on an indisputably meritless legal theory" and, therefore, are frivolous. *Neitzke,* 490 U.S. at 327. As such, these claims are subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

The court further finds that, insofar as a ruling in favor of Plaintiff would result in declaratory or injunctive relief from any order issued by Judge Hardwick which is final, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983.[2] "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before the court as this case, with respect to any claims challenging a final order issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S.

---

[2] It appears that any orders issued by Judge Hardwick addressing Plaintiff's state habeas petition are final.

at 464.  Moreover, a 42 U.S.C. § 1983 action is inappropriate either to compel or to appeal a particular course of action taken by a state court.  *See Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (A § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the undersigned finds that summary dismissal of any request by Plaintiff which would result in declaratory or injunctive relief from the final orders entered in his state habeas action is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Neitzke*, 490 U.S. at 327.

To the extent the complaint challenges orders by Judge Hardwick that are not yet final, Plaintiff is entitled to no relief because he has an adequate remedy at law to address his claims.  *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, Plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law.").  Plaintiff may appeal any non-final order issued or action taken by Judge Hardwick to the appropriate state appellate court.  Since state law provides Plaintiff an adequate remedy to challenge non-final orders, he is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.  Thus, any claim which goes to the validity of a non-final order entered or action taken by Judge Hardwick in the state habeas proceedings is likewise subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.  The Challenge to Incarceration

Plaintiff complains that his parole was improperly revoked and his incarceration for the violation of parole is therefore improper.  Specifically, Plaintiff alleges his incarceration is a violation of his constitutional right to due process, equal protection, representation by counsel and resulted from a conspiracy.  Doc. 1 at 3.  In accordance with well-established law, Plaintiff is entitled to no relief on these claims challenging the fundamental legality of his current incarceration.  *Edwards v. Balisok,* 520 U.S. 641 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

In *Heck*, the Supreme Court held that a complaint challenging the legality of a prisoner's conviction or sentence and seeking monetary damages for relief is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  *Heck*, 512 U.S. at 489.  The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [the basis for his incarceration.]"  *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983.").  The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an action in which declaratory or injunctive relief is sought.  "It is irrelevant that [Plaintiff] disclaims any intention of challenging [the

judgment or decision on which his incarceration is based]; if he makes allegations that are inconsistent with the [judgment or decision] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Balisok*, 520 U.S. at 646–48).

The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and [a ruling in his favor would result in] immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. The "sole remedy in federal court" for a state prisoner challenging the constitutionality of his incarceration is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645; *Okoro*, 324 F.3d at 490 (noting *Heck* directs that a state inmate "making a collateral attack on the [basis for his confinement] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996). Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649. "Later,

8

in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of the decision resulting in his incarceration])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S.Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (alterations in original); *see Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir.1997) (stating that *Heck* applies to any suit "premised . . . on the invalidity of confinement pursuant to some legal process[.]").

The principles espoused in *Heck* and *Balisok* foreclosing review of claims challenging the basis of confinement in a 42 U.S.C. § 1983 action therefore apply when an inmate is challenging his confinement due to a violation of parole and have been so applied by the courts. *See Green v. McGill-Johnston*, 685 F. App'x 811, 812 (11th Cir. 2017) (holding that Plaintiff's "allegations, if proven true, would have necessarily implied the invalidity of his parole revocation . . . and his resulting imprisonment. . . . Because [Plaintiff's] allegations would imply the invalidity of his confinement, the *Heck*-bar applies and [Plaintiff's] § 1983 claims must be dismissed."); *White v. Gittens*, 121 F.3d 803, 807 (7th Cir. 1997) ("A favorable decision in the § 1983 proceeding would necessarily call into question the validity of the state's decree revoking [Plaintiff's] parole and ordering him back to prison. *Heck* therefore applies, and the § 1983 action is not cognizable in a federal

court . . . unless the parole revocation 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.'") ; *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (holding that the district court properly dismissed Plaintiff's § 1983 complaint challenging the revocation of his parole where the challenged "decision has not been reversed, expunged, set aside, or called into question, as *Heck* mandates."); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995) (holding that "*Heck* applies to proceedings that call into question the fact or duration of parole."); *Holt v. Gibbs*, 2009 WL 111643, at *2 (M.D. Ga. Jan. 14, 2009) ("*Heck* applies to parole and probation revocation proceedings.") (citing *Vannoy*, *supra*).

It is clear that the actions of the state court, parole and correctional officials which form the basis for Plaintiff's current incarceration as a parole violator have not been reversed, expunged, impugned or invalidated in an appropriate state or federal action. Thus, under the circumstances of this case, *Heck* and its progeny bar Plaintiff's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his incarceration. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the [basis for his incarceration] is reversed, expunged, invalidated, or impugned by the grant of a [federal] writ of habeas

corpus [or some appropriate state court action]."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Hence, Plaintiff's myriad of challenges to the fundamental legality of his current imprisonment are not cognizable in this civil action as it provides no basis for relief at this time and these challenges are therefore due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Alabama Board of Pardons and Paroles be DISMISSED with prejudice under the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) as this defendant is absolutely immune from suit.

2. Plaintiff's claims against Judge Johnny Hardwick be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

3. Plaintiff's claims challenging the fundamental legality of his current incarceration as a parole violator be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) because such claims currently provide no basis for relief in the instant cause of action.

---

[3]Plaintiff is advised that any federal petition for writ of habeas corpus that he files is subject to the procedural limitations imposed upon such petitions, in particular, the exhaustion of state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus [filed] on behalf of a [state inmate] shall not be granted unless it appears that . . . the applicate has exhausted the remedies available in the courts of the State[.]").

4. This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

On or before **October 4, 2021**, Plaintiff may file objections to this Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 20th day of September, 2021.

/s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE